UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL,<br><br>        Plaintiff,<br><br>   v.<br><br>J. PICKETT, et al.,<br><br>        Defendants. | No. 2:17-cv-1159 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 6.) On October 31, 2017, the court screened plaintiff's complaint, dismissing count one and finding service appropriate for the defendants named in count two. (ECF No. 8.)

On November 21, 2017, plaintiff filed a request for reconsideration of the court's dismissal of one of plaintiff's claims. (ECF No. 11.) In light of the Ninth Circuit's recent holding in Williams v. King, 875 F.3d 500 (9th Cir. 2017),[1] this court will direct the clerk to assign a district judge and recommend to the assigned district judge that he dismiss the claims and defendants previously dismissed by this court, for the reasons provided in this order.[2] In addition,

---

[1] The court held that a Magistrate Judge does not have jurisdiction to dismiss a case with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction.
[2] For the sake of clarity, the court restates its prior screening order in full.

1  the court recommends plaintiff's prior request for injunctive relief be denied and plaintiff's
2  pending motion for reconsideration be denied.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

The Civil Right Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff is currently an inmate at the California Correctional Institution ("CCI"). His allegations involve his incarceration at High Desert State Prison ("HDSP"). Plaintiff identifies three defendants: J. Pickett, the ADA Coordinator at HDSP; Dr. E. Griffith, and John Doe, Chief Medical Officer at HDSP.

Plaintiff's complaint alleges two claims. In his first claim, plaintiff, who has 80% hearing loss, alleges his rights under the ADA were violated when HDSP refused to allow him to use speakers in order to listen to the television and the radio. Plaintiff states that his request for a reasonable accommodation was denied by a panel that included defendant Pickett. Plaintiff states that Pickett was the senior official on the panel and had the authority to grant his request. He also

3

states that defendant Griffith was on the panel as plaintiff's primary care physician. According to plaintiff, Griffith could have requested plaintiff be allowed speakers. The relief plaintiff seeks under his first claim is an injunction ordering defendants to permit plaintiff to purchase a hearing appliance with speakers. (ECF No. 1 at 3-4.)

In his second claim, plaintiff alleges he suffers migraines on a regular basis, "at least ten days a month" and headaches daily. (ECF No. 1 at 5.) He contends that he has tried many medications and found that Gabapentin worked well. Defendant Griffith had prescribed Gabapentin. However, at a doctor's visit on March 3, 2016. Griffith ordered the Gabapentin to be tapered and, eventually, discontinued and did not prescribe a replacement medication.

On March 25, 2016, plaintiff saw Dr. Miranda. He states that Dr. Miranda re-prescribed the Gabapentin. However, defendant John Doe, the Chief Medical Officer at HDSP, denied the re-prescription of Gabapentin. Plaintiff seeks injunctive relief and compensatory and punitive damages on claim two.

### III. Analysis

In his first claim, plaintiff seeks only injunctive relief. Because he is no longer at HDSP, where defendants Pickett and Griffith are employed, injunctive relief is not appropriate, unless there is some evidence that plaintiff will be transferred back to HDSP. Plaintiff provides no evidence that he will be transferred back to HDSP. Because plaintiff was transferred to CCI, these defendants no longer have authority over the conditions of plaintiff's confinement. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Woodard v. Haviland, No. 2:09-cv-2145 LKK JFM (PC), 2010 WL 481371, at *2 (E.D. Cal. Feb. 5, 2010) (when plaintiff has been transferred, defendant from prior prison no longer has authority over plaintiff and injunctive relief not proper). As the court stated in its previous screening order, because officials no longer have authority over plaintiff, ordering them to act would have no effect on plaintiff who is now housed at CCI. Accordingly, the court will recommend plaintiff's first claim and defendant Pickett be dismissed from this action.

Plaintiff's second claim seeks both damages and injunctive relief. For the same reasons, the court will recommend plaintiff's claim for injunctive relief against defendants Griffith and

Doe be dismissed as moot.  However, the court finds plaintiff has stated a potentially cognizable damages claim of deliberate indifference to his serious medical needs under the Eighth Amendment against defendants Griffith and Doe.  See Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

## MOTION FOR PRELIMINARY INJUNCTION

When he filed his complaint, plaintiff also filed a motion for a preliminary injunction.  (ECF No. 3.)  He seeks an injunction prohibiting defendants Griffith and Doe, and their successors, from denying him the medication he is currently prescribed for headaches.  (ECF No. 3.)  As the court has previously explained, because plaintiff is no longer incarcerated at HDSP, injunctive relief against these defendants is not appropriate.  Further, to the extent plaintiff seeks to include "successors" of defendants, those successors are not parties to this action and therefore are not subject to an order of the court in this case.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) (court is unable to issue an order against individuals who are not parties to a suit pending before it); Zepeda v. United States Imm. Serv., 753 F.2d 719, 727 (9th Cir. 1985) (court may only issue injunction if it has jurisdiction over the parties).  The court will recommend that plaintiff's request for a preliminary injunction be denied.

## MOTION FOR RECONSIDERATION

Following the court's dismissal of defendant Pickett, his claims for injunctive relief, and his motion for a preliminary injunction, plaintiff filed a motion for reconsideration.  (ECF No. 11.)  A court will reconsider its prior ruling if the moving party shows: (1) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (2) why the facts or circumstances were not shown at the time of the prior motion.  E.D. Cal. R. 230(j).

Plaintiff states in his motion for reconsideration that he attempted to file an appeal at CCI, where he is currently housed, regarding his request for accommodations; however, CCI rejected his appeal because it was a duplicate of the appeal filed at HDSP complaining about the denial that is the subject of his complaint.  (ECF No. 11.)  He claims CCI's rejection of his appeal indicates the only way he can get the relief he seeks is through this action.  (Id.)  Prison officials

at CCI are not named as defendants in this action and therefore are not subject to an order of the court in this case. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) (court is unable to issue an order against individuals who are not parties to a suit pending before it); Zepeda v. United States Imm. Serv., 753 F.2d 719, 727 (9th Cir. 1985) (court may only issue injunction if it has jurisdiction over the parties). Plaintiff may wish to amend his complaint to add as defendants employees at CCI he believes are denying his rights under the ADA or file a separate action regarding the conditions of his confinement at CCI. The court will recommend plaintiff's motion for reconsideration be denied.

**CONCLUSION**

The court recommends to the district judge that this case continue to proceed only on plaintiff's potentially cognizable claim under the Eighth Amendment against defendants Griffith and Doe and that defendant Pickett and plaintiff's requests for injunctive relief be dismissed for the reasons explained above.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to randomly assign a district judge.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for an injunction in claim one against defendants Pickett and Griffith be dismissed;
2. Defendant Pickett be dismissed from this action;
3. Plaintiff's request for an injunction in claim two against defendants Griffith and Doe be dismissed;
4. Plaintiff's request for injunctive relief contained in his complaint (ECF No. 1) be denied; and
5. Plaintiff's motion for reconsideration (ECF No. 11) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 26, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/Orders/prisoner-civil rights/mitc1159.851